UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.B.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF ALBANY, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-03272-KAW<br><br>**ORDER DENYING MOTION TO RECONSIDER; DENYING MOTION FOR LEAVE TO APPEAR TELEPHONICALLY; ORDER TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 16, 18 |

On June 14, 2017, Plaintiff A.B.'s application to proceed *in forma pauperis* was denied with leave to amend because he did not include his full name.[1] (Dkt. No. 9.) Plaintiff was given until June 23, 2017 to file an amended IFP application. (*Id.* at 2.) Plaintiff was advised that the failure to file an amended IFP application could result in his case being dismissed for failure to prosecute. (*Id.*)

On June 23, 2017, Plaintiff requested an extension of time to file an amended IFP application. (Dkt. No. 10.) On June 26, 2017, the Court extended the time for Plaintiff to file an amended IFP application to July 24, 2017.

On July 19, 2017, Plaintiff filed a motion to reconsider the order denying his IFP application. (Dkt. No. 12.) That same day, the Court denied Plaintiff's motion for reconsideration as procedurally improper, and because Plaintiff failed to identify any error in the Court's order denying his IFP application. (Dkt. No. 13 at 1-2.) The Court gave Plaintiff until August 4, 2017 to file an IFP application using his full name, and again warned that his case could be dismissed

---

[1] Plaintiff's motion to file under seal his complaint, IFP application, and the motion to file under seal itself was denied on June 7, 2017. (Dkt. No. 5 at 1-2.)

for failure to prosecute if Plaintiff did not do so. (*Id.* at 2.)

On July 25, 2017, Plaintiff filed a request that the Court modify its order denying Plaintiff's IFP application to instead allow Plaintiff to pay in installments. (Dkt. No. 14.) The Court construed Plaintiff's motion as a motion for reconsideration and denied it as procedurally improper, and because Plaintiff again failed to provide any basis for the Court to modify its order. (Dkt. No. 15 at 2.) Moreover, the Court noted that even if Plaintiff was willing to pay the filing fee in installments, this would not abrogate Plaintiff's obligation to bring this case using his full name, as Plaintiff has not established that he is entitled to not use his full name in this case. (*Id.*) The Court gave Plaintiff until August 17, 2017 to file his amended IFP application.

On August 15, 2017, Plaintiff filed a motion to reconsider the Court's order denying his request to modify the order denying the application to proceed in forma pauperis. (Dkt. No. 16.) Plaintiff requests reconsideration because "children, disabled, and, [sic] elderly are involved," "[t]he case involves matters that are highly sensitive and of 'the utmost intimacy,'" and Plaintiff is at risk of "more injury." (Dkt. No. 16 ¶¶ 6-7, 10.) Plaintiff has again failed to move for leave to file his motion for reconsideration, and also provides no explanation for why providing his full name would risk creating injury. The Court DENIES the request for reconsideration, and notes that Plaintiff's IFP application is now delinquent.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why he is repeatedly violating the Court's order to furnish his full name and why he has not filed an amended IFP application. Plaintiff shall respond in writing to the order to show cause no later than **September 13, 2017**, and shall include his full name. Also by **September 13, 2017**, Plaintiff must either 1) separately file an amended IFP application with his full legal name; or 2) pay the filing fee of $400 and furnish the Court with his full legal name. The failure to timely and fully respond to the order to show cause and file an IFP application or pay the filing fee will result in the dismissal of this case for failure to prosecute. No further orders to show cause on these issues will be made.

The Court notes that Plaintiff has recently filed numerous lawsuits in federal court, and, to the undersigned's knowledge, refuses to fully identify himself in any of them. Anonymity is permitted only "in special circumstances when the party's need for anonymity outweighs prejudice

2

to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Generally, civil rights cases do not warrant anonymity. If Plaintiff has new facts or law that will meet the requirements for anonymity, however, he may file a motion for leave to file a motion for reconsideration as required by Civil Local Rule 7-9(a). Future motions for reconsideration filed without complying with Civil Local Rule 7-9 will not be considered by the Court.

In light of the above, the Court CONTINUES the initial case management conference set for September 5, 2017 to **November 21, 2017** at 1:30 p.m. The Court DENIES as moot Plaintiff's motion to appear telephonically at the September 5, 2017 case management conference. (Dkt. No. 18.)

Plaintiff is again directed to obtain assistance from the Federal Pro Bono Project's Help Desk—a free service for pro se litigants—by calling (415) 782-8982.

IT IS SO ORDERED.

Dated: August 29, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge